IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DANIEL ALLEN,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**LANIER, INC.** and **MICHAEL H. LANIER,**<br><br>Defendants. | Case No. 3:22-cv-00268-JDP<br><br>Honorable James D. Peterson |

## DECLARATION OF ATTORNEY KATHERINE SERRANO

I, Katherine Serrano, declare under penalty of perjury, as follows:

1. My name is Katherine Serrano. I am over the age of 18. The statements set forth in this declaration are made of my own personal knowledge and if called as a witness, I could and would testify competently to the matters stated below.

2. I am an attorney, in good standing, and I am admitted in the Fifth and Sixth Circuit Courts of Appeals, and various District Courts throughout the nation, including federal courts in Illinois, Michigan, and Texas. I am licensed to practice law in the state courts of Texas.

3. I am an attorney in the law firm of Forester Haynie PLLC ("FH") based in Dallas, Texas and co-manage FH's Wage & Hour practice. I have had material I authored distributed in various ABA treaties, including most recently in the *2022 Fair Labor Standards Act Midwinter Report of the FLSA Subcommittee*.

4. FH is a plaintiff's advocacy law firm that practices nationwide. The firm and I intend to commit any and all resources needed to successfully prosecute this class action. FH's Wage & Hour practice is a nationwide leader in class action litigation brought on behalf of delivery drivers and has handled such cases across the United States.

5. I have experience litigating wage and hour collective actions under the Fair Labor

Standards Act ("FLSA") and wage and hour class actions under Rule 23 of the Federal Rules of Civil Procedure or analogous state court rules. I have previously served as class counsel in numerous other matters, including the following matters that were similarly certified and resolved on a hybrid Rule 23/FLSA basis for pizza delivery drivers:

- *Putman v. Brown & Brown Pizza, Inc. et al.*, Case No. 3:20-cv-00130 (SD TX);
- *Eshelman et al v. MPFP, LLC*, Case No. 4:20-cv-03119 (SD TX);
- *Matthews v. Longhorn Pizza Inc et al.*, Case No. 3:19-cv-01159 (ND TX);
- *Brewer v. Lil Daddy Pizza, LLC et al.*, Case No. 1:21-cv-00195 (SD MS);
- *Dean v. MHV Pizza LLC et al.*, Case No. 4:21-cv-00082 (ND MS);
- *Nooney v. Farrior Corp. et al.,* Case No. 5:21-cv-00146 (ED NC);
- *Lyles v. Tar Tiger Pizza, LLC, et al.,* Case No. 1:21-cv-00538 (MD NC);
- *Neira v. Goodfella's Pizza, Inc. et al.,* Case No. 1:19-cv-00280 (WD NC)
- *Martin v. Riverside Pizza Co. et al.,* Case No. 4:21-cv-00670 (ED MO);
- *Mason v. D&D Pizza Inc. et al.,* Case No. 1:21-cv-00107 (ED MO);
- *Stith v. Tips East LLC*, Case No. 1:21-cv-00436 (ED VA);
- *Cain v. AJD Pizza Management*, Case No. 4:21-cv-10860 (ED MI);
- *Seawell v. Konza Prairie Pizza, Inc., et al.*, Case No. 2:20-cv-02130 (D KS);
- *Telleria v. Boise Pizza Inc. et al.,* Case No. 1:21-cv-00271 (D ID); and
- *Hiebert v. 2 Bits Pizza LLC et al.,* Case No. 1:21-cv-00492 (D ID)

6. Given this experience, I am familiar with delivery driver cases such as the matter here. Because of the confidential nature of many settlements, I am limited in details I can provide; however, FH has helped successfully prosecute or negotiate settlements in numerous additional matters, which has cumulatively resulted in millions of dollars recovered for delivery drivers. I am familiar with these cases and the unique issues presented by representing similar communities of workers.

7. On May 12, 2022, FH filed this action for Daniel Allen ("Plaintiff"), on behalf of Plaintiff and similarly situated Delivery Drivers who were hired to deliver pizzas for Defendants. Plaintiff alleged Defendants violated the FLSA and state law by failing to pay him and other similarly situated Delivery Drivers the lawful minimum wage because their expense reimbursements were insufficient to cover their automobile expenses while delivering pizzas for Defendants. Defendants deny all of Plaintiffs' claims on the grounds that its pay policies and practices are legal and valid under all relevant laws.

8. The parties agreed to participate in an alternative dispute resolution ("ADR") process that included a full-day in-person mediation before an experienced mediator, Allen Blair, that was conducted on September 27, 2022. Prior to the mediation, the parties engaged in substantial discovery that included the production of mileage and mileage reimbursement data for Defendants' Delivery Drivers. In preparation for mediation, Plaintiff's Counsel analyzed mileage records for the time period of July 2019 through July 2022. Utilizing these records, Plaintiffs concluded they had sufficient information concerning Plaintiffs' claims and Defendants' defenses from which to reach a fair settlement of this matter.

9. The Agreement provides an excellent outcome for the Plaintiffs. 29 C.F.R. § 531.35, also known as the "kickback" provision of the FLSA, and its applicability to automobile expenses for delivery drivers is a complicated and complex area of wage and hour law. The "kick back" provision of the FLSA is neither well-known nor understood by most attorneys. Defendants contend that their reimbursements to Delivery Drivers are reasonable approximations of their automobile expenses and do not cause Delivery Drivers' wages to fall below the federal minimum wage. If the Court were to accept these arguments, it would negate a substantial percentage of alleged damages in the case.

10. Despite available defenses, Plaintiff was able to obtain a recovery for all Delivery Drivers who were employed by Defendants during the relevant period. Authorized Claimants (i.e., putative collective action members who have timely filed the Claim Form) will be allocated a proportional share of the Net Settlement Fund based on the total delivery miles driven by each Authorized Claimant. Delivery Drivers who chose not to participate during the settlement notice period will still receive a minimum payment under the Settlement but have not waived or released any federal claims against Defendants. As these individuals are now aware of their rights but may have been discouraged from participating due to their current employment status or any other reason, the Settlement provides these individuals an ongoing opportunity to participate as an Authorized Claimant during the three-year Reserve Fund Period.

11. The Total Settlement Amount of $182,000.00 only obtained via mediation reflects the fact that Defendants would have vigorously contested the merits of Plaintiff's claims and the mediator's assessment regarding Defendants' inability to withstand a higher judgment.

12. The complexity, expense, and likely duration of this litigation weighs heavily in favor of the Court finding that the settlement is adequate, fair and reasonable. Resolution of the issues in dispute in the litigation would require substantial time and resources, including dispositive motions and the potential of a multiple-day trial, as well as possible appeals and post-trial motions. The ultimate issue regarding the appropriate mileage reimbursement rate would almost certainly be an issue for the jury and require expert testimony given that the FLSA does not require a specific reimbursement rate. Although these issues remain unresolved, counsel for the Parties had sufficient information to assess the respective strengths and weaknesses of their case and reach the conclusion that the Settlement is in the best interests of the Parties.

13. The probability of Plaintiff's success on the merits and other ancillary issues is hotly disputed by the Parties. Based on my research, I am not aware of any FLSA pizza delivery cases that

have been decided on the merits by a judge or jury. The range of potential recovery is untested -- it could be as high as the IRS reimbursement rate for each mile driven (less the amount already reimbursed) or no recovery whatsoever if Defendants' reimbursement calculation or experts are correct. Plaintiff concedes that the longer three-year statute of limitations is the exception, not the rule for an FLSA lawsuit. Accordingly, it is likely that even if Plaintiff succeeded on the merits, a judgment would be limited to a two-year statute of limitations. In this case, under the FLSA, Authorized Claimants' claims would only date back until 2020 and not 2019 as afforded under the Settlement. If Defendants' reimbursement rate was deemed adequate, Delivery Drivers would not be entitled to any recovery.

14. In settling this matter, Plaintiff acknowledges the strengths and weaknesses of his claims, as well as the economic realities of collecting a judgment. Ultimately, the result reflects a favorable compromise that expediently provides mileage reimbursement funds for 483 Delivery Drivers.

15. If approved by the Court, the Net Settlement Fund is $93,833.33, which reflects the total amount allocated to Delivery Drivers after the subtraction of the Settlement Administrator fees and costs, Court-approved incentive payment to Plaintiff Allen, Court-approved attorney's fees and costs, and the initial amount allocated to the Reserve Fund. Pursuant to the Agreement, the distribution of the Maximum Settlement Amount is as follows:

   a. The 76 Authorized Claimants will receive their pro rata share of the Net Settlement Fund. Distribution of these funds will be based on total delivery miles driven by each Authorized Claimant.

   b. The remaining 407 Class Members that neither affirmatively chose to opt-in nor out of the Agreement, will receive a minimum payment of $30.00 from the Minimum Payment

       Fund. These individuals that did not also affirmatively opt-in to the settlement will retain all rights under federal law and pursuant to the FLSA's opt-in provisions.

    c. In addition to the Net Settlement Fund, The Parties have also negotiated a Reserve Fund of $10,000 to be paid from the Total Settlement Amount, to be held for late opt-ins. Late opt-ins will receive their pro rata share of the settlement, reduced proportionally by the time remaining on their FLSA statute of limitations.

16. Additionally, Mr. Allen substantially assisted counsel and therefore should receive the requested service award. Mr. Allen volunteered to serve as Named Plaintiff and the class representative, worked with Plaintiff's Counsel a plan to facilitate and finalize settlement efforts, sought the best possible outcome for all of Defendants' Delivery Drivers, and reviewed and approved the settlement documents and amended settlement documents. There is no question that all of the other Delivery Drivers have substantially benefitted from the ongoing actions of Mr. Allen as class representative.

17. The Agreement provides for participation award payments in the amount of $2,500.00 to Daniel Allen. The participation award payment requested by Plaintiff represents less than 2% of the Total Settlement Amount in this case.

18. Notice of this settlement, which explained the terms of the Agreement, Delivery Drivers' rights under the Agreement, the procedure for objecting to the Agreement, and information regarding the Fairness Hearing was mailed to 483 eligible Delivery Drivers. *See* Declaration of Jeffrey Johnson. On June 1, 2023, the Parties notified all Class Members of the date and time of the Fairness Hearing, along with contact information to obtain additional information regarding the Fairness Hearing. *Id*. No Class Member requested additional information regarding the Fairness Hearing. No objections were submitted. Only one Class Member requested to be excluded from the Settlement. *Id*.

19. J. Forester[1], partner of FH, and myself had primary file responsibility on the case and led case strategy and negotiated the settlement. We have extensive experience in the wage and hour arena. This experience allowed us to obtain an excellent result in an effective and efficient manner and without the threat of a trial. Our experience allowed the Parties to stipulate to certification, avoiding the motion practice typically associated with this process. Similarly, our experience resulted in a settlement without the need for expensive discovery and dispositive motion practice. This case could have involved protracted litigation that would have lasted many more years. Instead, we drew on our specific experience representing drivers in related reimbursement claims to obtain the information to negotiate the settlement, without engaging in any wasteful litigation activities. Plaintiff's Counsel accepted this case on a contingency basis with no guarantee of payment. Plaintiff's Counsel request a fee award of $60,666.67 of the Total Settlement Amount and their reasonable out of pocket costs of $3,652.00, inclusive of $2,900.00 in mediation fees.

20. Collective and class action litigation is time consuming and requires a substantial commitment of time and resources, including advancing all litigation costs. I am familiar with and knowledgeable about the market for plaintiff-side employment lawyers and that there are relatively few attorneys in this District with a similarly-limited plaintiff-side, nationwide, wage and hour practice. Generally, the "norm" for partner and management level employment lawyers falls within the $500 to $750 per hour range, the partners at our firm, including J. Forester, bill at and were recently approved at an effective hourly rate that exceed $740/hour in *Thompson. v. Seagle Pizza Inc., et al.*, Case No. 3:20-cv-00016 (WD KY) (where plaintiffs raised similar allegations on behalf of Domino's pizza delivery drivers and a class-wide settlement was approved on May 5, 2022). Plaintiff's counsel also accepted this case on a contingency basis with no guarantee of payment. Despite receiving no payment for their work to date, Plaintiff's Counsel's partners and management

---

[1] See Dkt. #14-4, Declaration of J. Forester.

level attorneys have collectively spent nearly 100 hours advocating on behalf of Plaintiff and the Class Members. This includes, but is not limited to, time spent investigating the facts, reviewing documents and data, analyzing Defendants' data disclosures, conferring with Defendants' various counsel, reviewing and revising a computerized damages model, drafting a mediation statement, reviewing approval papers, researching and drafting a motion for preliminary settlement approval, seeking Court approval of the settlement, fees and costs.

21. To date, J. Forester and I have billed a total of 116 hours of attorney time, which were reasonably and necessarily billed to this matter. Of this time, I billed 62.5 hours and J. Forester billed 53.5 hours. This amount does not include time billed by staff. I estimate that we will bill an additional 50 hours or more to this matter for addressing questions or concerns that arise during the distribution of the settlement proceeds to the 483 Class Members and throughout the three year Reserve Fund Period. This total time results in a lodestar multiplier below 1.

22. Plaintiff's Counsel has worked diligently on this case, analyzing client documents, developing the theory of liability, obtaining ADR-related discovery, reviewing and analyzing mileage and reimbursement data for Class Members, preparing detailed damages analyses, communicating with Plaintiffs and Class Members, preparing for and participating in mediation, and researching and drafting the pleadings for preliminary and final approval of the settlement. Class Counsel will continue to work diligently through the final administration of the settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of July, 2023,

By: */s/ Katherine Serrano*
Katherine Serrano